**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000161
30-NOV-2012
09:12 AM**

NO. CAAP-10-0000161

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


IN RE PETITION TO AMEND INTERIM INSTREAM FLOW STANDARDS FOR
WAIKAMOI, PUOHOKAMOA, HAIPUAENA, PUNALAU/KOLEA,
HONOMANU, WEST WAILUAIKI, EAST WAILUAIKI,
KOPILIULA, PUAKAA, WAIOHUE, PAAKEA,
KAPAULA & HANAWI STREAMS


APPEAL FROM THE COMMISSION ON WATER RESOURCE MANAGEMENT

MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Petitioner-Appellant Nā Moku ʻAupuni ʻo Koʻolau Hui (Nā
Moku) appeals from the Commission on Water Resource Management's
(Commission) October 18, 2010 decision denying Nā Moku's Petition
for a Contested Case Hearing on the Commission's amendment of
interim instream flow standards (IIFS) for certain East Maui
streams.

I.

On May 24, 2001, Nā Moku (a nonprofit corporation
organized by native Hawaiian residents of East Maui ahupuaʻa[1]),
Beatrice Kekahuna, Marjorie Wallet, and Elizabeth Lehua Lapenia

---

[1]     In Hawaiian, ahupuaʻa means a "[l]and division usually extending
from the uplands to the sea[.]"  Mary Kawena Pukui & Samuel H. Elbert,
Hawaiian Dictionary at 9 (1986).

filed petitions to amend the IIFS for twenty-seven East Maui streams. On May 25, 2010, the Commission held an open meeting to reach a decision on IIFS amendment for nineteen of the streams.[2] The Commission restored flow to six streams (two on an annual basis and four on a seasonal basis) and decided that the IIFS for the remaining thirteen streams would remain unamended. Before the end of the May 25, 2010 Commission meeting, Nā Moku's counsel orally requested a contested case hearing to challenge the decision, and on June 4, 2010, Nā Moku filed a written Petition for a Contested Case Hearing Before the Commission on Water Resource Management (Petition for Hearing) pursuant to the Commission's administrative rules.[3]

On October 18, 2010, the Commission met to consider Nā Moku's Petition. The Commission's Acting Deputy Director filed a "Staff Submittal" recommending that the Commission deny Nā Moku's June 4, 2010 Petition for Hearing. The October 18, 2010 meeting minutes state that a quorum of five commissioners attended the meeting and that the five commissioners unanimously voted to approve the Acting Deputy Director's "Staff Submittal" recommending denial of the Petition for Hearing. On November 17, 2010, Nā Moku filed a timely notice of appeal from the

---

[2]    On September 25, 2008, the Commission amended the flow standards for eight of the twenty-seven streams; these amendments are not part of this appeal.

[3]    Hawaii Administrative Rule § 13-167-52(a) states:

> §13-167-52 Request for hearing. (a) A hearing on a contested matter may be requested by the commission on its own motion or upon the written petition of any government agency or interested person. An oral or written request for a contested case hearing must be made by the close of the public hearing (if one is required) or the commission meeting at which the matter is scheduled for disposition (if no public hearing is required). In either situation, the person or agency requesting the contested case hearing must file (or mail and postmark) a written petition with the commission not later than ten days after the close of the public hearing or the commission meeting, whichever is applicable.

Commission's decision at the October 18, 2010 meeting.

On appeal, Nā Moku contends the Commission erred in:

(1) concluding that Nā Moku had no right to a contested case hearing; and

(2) reaching its underlying decision regarding IIFS amendment for the nineteen streams at issue. Specifically, Nā Moku contends the Commission failed to allocate the proper legal burden of proof and breached its public trust duties.

## II.

In reviewing a denial of a request for a contested case hearing, the appropriate inquiry is whether the appellant has met the requirements of HRS § 91-14 (1993). <u>Kaleikini v. Thielen</u>, 124 Hawai'i 1, 16, 237 P.3d 1067, 1082 (2010). The requirements of Hawaii Revised Statutes (HRS) § 91-14 are as follows:

> **first**, the proceeding that resulted in the unfavorable agency action must have been a "contested case" hearing—i.e., a hearing that was 1) "required by law" and 2) determined the "rights, duties, and privileges of specific parties"; **second**, the agency's action must represent "a final decision and order,"or "a preliminary ruling" such that deferral of review would deprive the claimant of adequate relief; **third**, the claimant must have followed the applicable agency rules and, therefore, have been involved "in" the contested case; and **finally**, the claimant's legal interests must have been injured—i.e., the claimant must have standing to appeal.

<u>Pub. Access Shoreline Haw. v. Haw. Cnty Planning Comm'n</u> (PASH), 79 Hawai'i 425, 431, 903 P.2d 1246, 1252 (1995) (emphases added).

Nā Moku, in requesting a contested case hearing, clearly met the last three requirements of HRS § 91-14. The October 18, 2010 meeting minutes represented a "final decision and order" for which judicial review was sought pursuant to HRS § 91-14(a).[4] Nā Moku complied with the applicable agency rules in requesting a contested case hearing and sufficiently

---

[4] <u>See</u>, Amended Order Accepting Application for Writ of Certiorari, Vacating ICA Order Dismissing Appeal for Lack of Jurisdiction, and Remanding Appeal to ICA, filed January 11, 2012 in SCWC-11-0001005.

demonstrated standing to participate in a contested case. An association may be an aggrieved person with standing to challenge an agency's action if it can show that some of its members are "specially, personally and adversely affected by the agency's action." Life of the Land v. Land Use Comm'n, 61 Haw. 3, 8, 594 P.2d 1079, 1082 (1979). Nā Moku demonstrated through unrefuted testimony that its members were native Hawaiians with traditional and customary rights, appurtenant water rights, and/or riparian rights to waters from the streams for, among other things, the cultivation of taro. Article XII, § 7 of the Hawai'i Constitution protects such rights, and Nā Moku's members demonstrated injury because their ability to exercise these rights has been adversely affected by the streamflow within the ahupua'a. Therefore, Nā Moku had an interest in a proceeding setting the IIFS for those streams.

Consequently, the remaining issue in this appeal concerns the first requirement of HRS § 91-14. The appellees contend there is no legal requirement to hold a contested case hearing on the IIFS amendments. "[P]ursuant to HRS S 91-14, in order for proceedings before an agency to constitute a contested case from which an appeal can be maintained, the agency must be required by law to hold a hearing before a decision is rendered." Lingle v. Hawai'i Gov't Employees Ass'n, AFSCME, Local 152, 107 Hawai'i 178, 184, 111 P.3d 587, 593 (2005).

An agency hearing can be "required by law" pursuant to statute, agency rule, or constitutional due process. Kaleikini, 124 Hawai'i at 17, 237 P.2d at 1083. Neither statute nor administrative rule mandates a hearing to establish an IIFS. However, in In re 'Iao Ground Water Management Area High-Level Source Water Use Permit Applications, 2012 WL 3535294 (2012), a related case arising out of the setting of IIFS for streams in West Maui, the Hawai'i Supreme Court held that the Commission's decisions setting or amending the IIFS can affect

4

constitutionally protected property interests. Id. at *9-*11.
In that case, the Commission had held a contested case hearing to
resolve both petitions to amend the IIFS and related water use
permit applications (WUPA) filed for the same area, and the
petitioners sought judicial review of the Commission's decision
and order setting the IIFS. Id. at *1. Although WUPA decisions
require hearings, the appellees in that case claimed the
Commission's IIFS decisions had no impact on the petitioners'
property rights, and therefore there was no constitutional due
process right to a contested case hearing (and no right to
judicial review). Id. at *9, *40-*41. The supreme court
disagreed, holding that the petitioners had established a
protected property interest and thus had a due process right to a
hearing on the Commission's IIFS determinations, independent of
the WUPA decision. Id. at *11.

The petitioners in that case testified that their
native Hawaiian members "live, work, and play" in the areas of
the streams at issue, and they claimed the Commission's decision
to restore a limited amount of water to the streams adversely
affected their native Hawaiian rights and their ability to engage
in traditional and customary gathering practices. Id. at *11-
*12. The supreme court observed that these interests have a
statutory basis in the water code, supporting the petitioners'
entitlement to water for exercising traditional and customary
rights. Id. at *12. The supreme court cited HRS § 174C-101
(2011 Repl.), which states:

> §174C-101  Native Hawaiian water rights.
> . . . .
>
>     (c) Traditional and customary rights of ahupua'a
> tenants who are descendants of native Hawaiians who
> inhabited the Hawaiian Islands prior to 1778 shall not be
> abridged or denied by this chapter. Such traditional and
> customary rights shall include, but not be limited to, the
> cultivation or propagation of taro on one's own kuleana and
> the gathering if hihiwai, ōpae, o'opu, limu, thatch, ti

leaf, aho cord, and medicinal plants for subsistence, cultural, and religious purposes.

(d) The appurtenant water rights of kuleana and taro lands, along with those traditional and customary rights assured in this section, shall not be diminished or extinguished by a failure to apply for or to receive a permit under this chapter.

The supreme court held the Commission's decision to retain the existing IIFS for two of the streams endorsed upstream diversions and determined the petitioners' individual water rights by affecting their access to water from those streams. In re 'Iao at *13. Consequently, the supreme court concluded the petitioners had a right to a contested case hearing on the Commission's IIFS amendment. Id.

In this case, Nā Moku asserts comparable interests, entitling it to an administrative hearing on the petitions to amend the IIFS. The President of Nā Moku, Edward Wendt (Wendt), stated that the organization's purposes include "promot[ing] the general welfare of the tenants and descendants of the original tenants of the ahupua'a of Keanae-Wailuanui [in East Maui] in social, spiritual, cultural, educational and economic affairs" and asserting its members' appurtenant and riparian water rights and their traditional and customary native Hawaiian rights. Wendt, a native Hawaiian resident and taro farmer in the ahupua'a of Wailuanui, testified that he and other Nā Moku members engaged in native Hawaiian traditional and customary practices such as taro cultivation, and that their ability to engage in these practices has been affected by the streamflow within the ahupua'a. A cultural expert and community members who owned or resided on land in the area of the East Maui streams submitted testimony to the Commission about similar interests in gathering

hīhīwai,[5] limu,[6] o'opu,[7] and ōpae[8] from the streams and in fishing along coastlines into which those streams discharge fresh water.

Inasmuch as no contested case hearing was held but was required by law, the next issue is whether the hearing, had it been held, would have determined the "rights, duties, and privileges of specific parties." Kaleikini, 124 Hawai'i at 24, 237 P.3d at 1090. As in In re 'Iao, we conclude the Commission's decision to retain the existing IIFS and maintain diversions for thirteen of the streams determined individual water rights by limiting Nā Moku's members' access to water.

Consequently, pursuant to In re 'Iao, Nā Moku is entitled to a contested case hearing with the full procedural protections afforded by the Hawai'i Administrative Procedures Act (HAPA). "The adjudicatory procedures of [HAPA] apply to hearings which an agency is constitutionally required to provide." Bush v. Hawaiian Homes Comm'n, 76 Hawai'i 128, 131, 870 P.2d 1272, 1275 (1994). The May 25, 2010 meeting, at which the Commission reached an IIFS determination for the nineteen streams, did not comply with the adjudicatory procedures of HAPA. Among other things, the Commission did not produce a written decision accompanied by findings of fact and conclusions of law. See, HRS §§ 91-9 to 91-13 (1993). We consequently decline Nā Moku's invitation to address the merits of whether the Commission erred

---

[5]     In Hawaiian, hīhīwai means a "[endemic grainy snail . . . in both fresh and brackish water[.]" Mary Kawena Pukui & Samuel H. Elbert, Hawaiian Dictionary at 68 (1986).

[6]     In Hawaiian, limu means a "[a] general name for all kinds of plants living under water, both fresh and salt[.]" Mary Kawena Pukui & Samuel H. Elbert, Hawaiian Dictionary at 207 (1986).

[7]     In Hawaiian, o'opu means a "[g]eneral name for fishes . . . . Some are in salt water near the shore, others in fresh water, and some said to be in either fresh or salt water." Mary Kawena Pukui & Samuel H. Elbert, Hawaiian Dictionary at 290 (1986).

[8]     In Hawaiian, ōpae means a "[g]eneral name for shrimp[.]" Mary Kawena Pukui & Samuel H. Elbert, Hawaiian Dictionary at 291 (1986).

in reaching its determination on the petitions to amend the IIFS for the nineteen streams, as argued in the parties' briefs. This matter is to be properly presented, argued, and decided pursuant to an HRS chapter 91 contested case hearing conducted by the Commission, the body statutorily empowered to make this determination.

## IV. CONCLUSION

The Commission on Water Resource Management's October 18, 2010 denial of Nā Moku's Petition for Hearing is vacated, and this matter is remanded to the Commission with instructions to grant Nā Moku's Petition for Hearing and to conduct a contested case hearing pursuant to HRS chapter 91 and in accordance with state law.

DATED:  Honolulu, Hawai'i, November 30, 2012.

On the briefs:

Alan T. Murakami
Camille K. Kalama
Ashley K. Obrey
(Native Hawaiian Legal
Corporation)
for Petitioner-Appellant Nā
Moku 'Aupuni 'o Ko'olau Hui.

Donna H. Kalama
Linda L.W. Chow
Deputy Attorneys General
for Appellee Commission on
Water Resource Management.

David Schulmeister
Elijah Yip
(Cades Schutte)
for Appellees Alexander &
Baldwin, Inc. and East Maui
Irrigation Company.

Robert H. Thomas
(Damon Key Leong Kupchak
Hastert)
for Appellee Hawaii Farm Bureau
Federation.

Presiding Judge

Associate Judge

Associate Judge

8